UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, L.L.C.                         CIVIL ACTION

VERSUS                                         NO. 08-3719

AETNA LIFE INSURANCE COMPANY                   SECTION: "C" (3)

ORDER AND REASONS

This removed matter comes before the Court on the motion of plaintiff, Omega Hospital, L.L.C., ("Omega") to remand. Rec. Doc. 6. The motion is unopposed. Having reviewed the record, the stipulation of the plaintiff and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff filed suit in state court for payment of medical expenses for care rendered by Omega incurred by a person insured by defendant. The defendant removed based on diversity. The plaintiff stipulates that the amount in controversy does not exceed $75,000 and that it will not accept more than this amount, even if awarded by the state court. Rec. Doc. 6.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to vest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales*

1

*De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, n. 10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178,182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F .2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S.1107 (1983).

      The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden. The Court has consistently recognized that even if a stipulation may not be "binding" for purposes of LA.CODE CIV. P. art. 862 under the reasoning in *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 (E.D.La.) (J. Vance), it is, nonetheless, strong evidence of the jurisdictional amount for present purposes. Here, the plaintiff stipulates that the amount in controversy is less than $75,000 and will accept no more than this amount, even if so awarded, and further stipulates that it has not served prior notice on the state attorney general as would be

2

required for an award of treble damages under the Louisiana Unfair Trade Practice Act (LA. REV.STAT. 51:1401 *et seq.*).  Rec. Doc. 6.   Subsequent events that reduce the amount in controversy below the statutory minimum generally will not divest of federal court of jurisdiction.  *See e.g., Landry v. A-Able Bonding Inc.*, 870 F.Supp. 715, 718 (E.D.Tex. 1994). This stipulation is not a subsequent event; rather, it reveals that the extent of damages at the basis of plaintiff's claim and at the time of removal did not exceed the jurisdictional minimum.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed. *See e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986); Butler v. Polk, 592 F.2d 1293 (5th Cir.1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, § 3739*.*

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 1st Parish Court for the Parish of Jefferson, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 28th day of July, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE